In the Matter of WILLIAM C. PEDRO, JR., an Attorney, Respondent. QUEENS COUNTY BAR ASSOCIATION, Petitioner.

Second Department, March 12, 1973.

*H. Stuart Klopper* for petitioner.

*William C. Pedro, Jr.*, respondent in person.

*Per Curiam.* The respondent was admitted to practice law by this court on June 24, 1953. In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the matter was referred for hearing and report.

In our opinion, the evidence adduced before Mr. Justice CASTALDI amply supports the findings of the respondent's **wrong-**

doing with respect to the five charges made against him, which the Justice found, in whole or in part, to have been sustained and which encompass a wide range of professional misconduct.

Thus, it was clearly established, *inter alia*, that the respondent (1) falsely represented to a client that he had successfully prosecuted a breach of contract action and that the proceeds were forthcoming when, in fact, no action had ever been instituted by the respondent; (2) misappropriated assets of an estate for which he was the executor and was thereafter imprisoned pursuant to a warrant issued by the Surrogate for failure to comply with an order of the court directing him to turn over all the assets of the estate to the distributee and to render and file his account as executor; (3) failed to complete two separate adoption proceedings for which he had been retained; and (4) failed to return to the purchasers of certain real estate the deposit held by him in escrow after the " transaction failed to close ", as a result of which a judgment was entered against him which remains unsatisfied.

Accordingly, the petitioner's motion to confirm the report is granted. The respondent's behavior demonstrates a pattern of consistent misconduct and, in our opinion, he lacks the character and fitness required to practice law. He is adjudged guilty of serious professional misconduct and should be and hereby is disbarred from the further practice of law and his name removed from the rolls of attorneys and counselors at law, effective April 1, 1973.

RABIN, P. J., HOPKINS, MUNDER, MARTUSCELLO and LATHAM, JJ., concur.